UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: JULY 24, 2008
08CV4196
JUDGE CASTILLO
MAGISTRATE JUDGE SCHENKIER
EDA

| | |
|---|---|
| **Robert Morris College** ) | |
| Plaintiff, ) | |
| ) | CIV. No. _____ |
| *v.* ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Robert Morris University** ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Robert Morris College alleges the following for its Complaint against Defendant Robert Morris University:

### NATURE OF THE ACTION

1. For almost 100 years Robert Morris College has offered professional career-focused education in a collegiate setting to diverse communities. For over forty years, it has expended substantial monies and effort in promoting itself under the Robert Morris name. Today, Robert Morris College, under the moniker "Robert Morris," is synonymous with high quality, experiential-based education offered in multiple disciplines at multiple locations in the State of Illinois providing associate, baccalaureate and graduate degree programs. As Robert Morris College's mission has grown so has its enrollment; it is now larger than the majority of Illinois' private universities. Robert Morris College offers degrees from five separate undergraduate colleges, a graduate school, and a division of Arts & Sciences. Thus, it has outgrown the description "college" and has recently earned "university" status. It is therefore reasonable and logical for Robert Morris College to decide that it is now time to change its name to more accurately reflect its status, from "Robert Morris College" to "Robert Morris

University." Defendant, however, purports to assert exclusive rights to the name ROBERT MORRIS UNIVERSITY under its federal trademark Registrations, U.S. Reg. No. 2660432; U.S. Reg. No. 3040568; and U.S. Reg. No. 3100035, despite the fact that Robert Morris College has enjoyed the use of the ROBERT MORRIS name for over forty years.  The name change will not cause confusion among students, potential students, faculty or any other relevant segment of the public.  Robert Morris College thus brings this action pursuant to the trademark laws of the United States, 15 U.S.C. § 1051, et seq. and the Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory relief to implement its name change to ROBERT MORRIS UNIVERSITY, a more accurate reflection of its credentials and scope of operations.

## THE PARTIES

1. Robert Morris College is a not for profit, 501-C3 corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 401 S. State Street, Chicago, Illinois 60605.

2. Upon information and belief, Defendant is a Pennsylvania corporation with its principal place of business located at 6001 University Boulevard, Pittsburgh, Pennsylvania 15108-1189.

3. Upon information and belief, Defendant has conducted business in Chicago, Illinois.

**JURISDICTION AND VENUE**

4. Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

5. On information and belief, Defendant has sufficient contacts with Illinois to subject it to personal jurisdiction in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

**FACTUAL BACKGROUND**

7. The history of Robert Morris College in Illinois dates back to the founding of the Moser School, one of the outstanding independent business schools in Chicago, in 1913. Robert Morris College also has origins in Illinois at the site of the former Carthage College in Carthage, Illinois. Here, Robert Morris College was chartered and offered associate degrees in both liberal and vocational arts from 1965 to 1989. With the acquisition of the Moser School in 1975, Robert Morris College expanded to include business and allied health programs. The merged school continued operations under the name Robert Morris College, from the Carthage campus and the Moser School's premises in Chicago.

8. The entity known as Robert Morris College was founded by the son of an official of Defendant, when Defendant also was known as Robert Morris College, with Defendant's full knowledge.

9. Robert Morris College operated as a branch of Defendant for about 60 days after its chartering in 1965. Defendant did not object to Robert Morris College's continued use of the ROBERT MORRIS COLLEGE name after the institutions decided in 1965 to part ways, nor after Robert Morris College moved to Chicago in 1975 and merged with the Moser School,

Defendant thereby implicitly consenting to Robert Morris College's continued use of ROBERT MORRIS in connection with an institution of higher education.

10. Indeed, for 36 years until Defendant changed its name to Robert Morris University, Robert Morris College and Defendant co-existed under the same name, Robert Morris College, without causing confusion and without objection, and they have continued to co-exist in their use of the ROBERT MORRIS name.

11. Through its over 40 years of operation as ROBERT MORRIS COLLEGE, Robert Morris College has developed significant goodwill in the name ROBERT MORRIS and has a substantial reliance interest in its continued use of the name ROBERT MORRIS in connection with an institution of higher education.

12. Accordingly, through estoppel by laches and acquiescence Robert Morris College has rights to use the name ROBERT MORRIS COLLEGE and also the name ROBERT MORRIS in connection with an institution of higher education.

## THE CONTROVERSY AT ISSUE

13. Since its founding, Robert Morris College has continued to expand its degree programs. For example, in 1991, Robert Morris College began awarding the Bachelor of Business Administration degree. In 2000 it commenced offering Bachelor of Applied Science degrees in both graphic design and computer studies and recently began offering the bachelor of professional studies, a university capstone for community college graduates. Late in 2005, the School of Graduate Studies was established and Robert Morris College earned "University" status.

14. Robert Morris College has continued to expand educationally throughout its existence by establishing nursing, surgical technology, architectural technology, and culinary arts programs, as well as a Center for Higher-Education Studies. The Morris Graduate School of Management offers MIS (Master of Information Systems) and MBA (Master of Business Administration) degree programs and new graduate degree options are in the final stage of approvals from the Illinois Board of Higher Education ("IBHE"). With this educational expansion came geographic expansion as well. From its single campus in Chicago in 1975, Robert Morris College has grown to eight campuses in Illinois from diverse geographic locations in Springfield to Peoria to Waukegan.

15. Robert Morris College's stature and reputation has continued to grow and it now has outgrown the "college" description in its name. Robert Morris College is a full fledged university and is planning to change its name to signal its institutional status as a university to its constituency, including faculty, prospective students and their parents.

16. On July 18, 2008, Robert Morris College's Board passed a resolution, effective as of January 1, 2009, to officially change the institution's name to ROBERT MORRIS UNIVERSITY.

17. Plaintiff has begun the process to change its name to ROBERT MORRIS UNIVERSITY, by taking concrete steps to implement the new name. Robert Morris College has met with the Illinois Board of Higher Education ("IBHE") and the Higher Learning Commission of the North Central Association ("NCA") to inform these agencies of its intended name change.

18. Robert Morris College has devised a detailed rollout plan to phase in the adoption of the new name by the entire Robert Morris College community. Robert Morris College has scheduled events for the beginning of the 2008-2009 academic year to publicize and implement

its name change both internally and externally.  In addition, Plaintiff has allocated money in its budget for executing the name change, including substantial monies for its change in branding. ranging from reprinting stationery and marketing materials to designing a new logo for athletic uniforms and planning for signage changes.

19. After coexisting with Robert Morris College as ROBERT MORRIS COLLEGE for thirty-six years, in 2002 Defendant changed its name to ROBERT MORRIS UNIVERSITY, and obtained several federal service mark registrations, incorporating the name ROBERT MORRIS UNIVERSITY, most notably for ROBERT MORRIS UNIVERSITY, Reg. No. 2660432, for "educational services in the nature of courses at the university level."  By virtue of registering ROBERT MORRIS UNIVERSITY as a federal service mark, Defendant asserts that it is the sole owner of this mark and that it has the exclusive right to use this mark throughout the United States.  This assertion of ownership and exclusive rights in ROBERT MORRIS UNIVERSITY is adverse to Robert Morris College's interest in changing its name to ROBERT MORRIS UNIVERSITY, because Defendant is in a position to assert that Robert Morris College's use of ROBERT MORRIS UNIVERSITY infringes Defendant's federally registered service mark.

20. In June, 2008, Robert Morris College met with representatives of IBHE, the agency which exercises general oversight over the operation of post-secondary educational institutions in Illinois.  These representatives advised Robert Morris College that IBHE would deem the change of name to Robert Morris University acceptable so long as Robert Morris College can confirm its ownership of the name.

21. Therefore, there is a definite and concrete controversy between parties having adverse legal interests, wherein the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201.

22. In addition, Plaintiff asserts that the reason for its name change stems from its growth and the comprehensiveness of its educational offerings, and not as an attempt to misappropriate any proprietary right of Defendant or engage in any act of unfair competition.

## FACTS SUPPORTING CONTINUED COEXISTENCE

23. Robert Morris College and Defendant coexisted as ROBERT MORRIS COLLEGE for over thirty-five years without confusion, and have continued to coexist as ROBERT MORRIS COLLEGE and ROBERT MORRIS UNIVERSITY for the past seven years without confusion.

24. Although Plaintiff's concrete steps towards adopting ROBERT MORRIS UNIVERSITY can be seen as changing the circumstances under which the parties have previously coexisted, the replacement of COLLEGE with UNIVERSITY is inconsequential and is not likely to cause confusion in the marketplace.

25. As evidenced by Defendant's disclaimers in its federal trademark registrations comprising ROBERT MORRIS UNIVERSITY, ROBERT MORRIS is the dominant portion of the mark and Defendant has no exclusive right to use "UNIVERSITY" apart from the mark as shown. Merely changing the generic portion of the ROBERT MORRIS COLLEGE name from COLLEGE to UNIVERSITY is not likely to create any confusion that did not exist between the two institutions during the 40-plus years that they have both operated under the name ROBERT MORRIS.

26. Because of the variety and uniqueness of curricula, courses and degrees offered by an institution of higher education, and the competing and different attractions of the geographic locations in which such institutes operate, students and faculty applying to college and graduate institutions are accustomed to conducting extensive research and differentiating among schools with very similar (or even identical) names located in geographically separate cities. Inasmuch as Robert Morris College and Defendant are located in geographically separate cities and regions, there is no likelihood of confusion between the two institutions. Whereas Robert Morris College draws the vast majority of its students from Illinois, with only a small percentage coming from surrounding states, and an inconsequential number of students from Pennsylvania, upon information and belief Defendant predominantly recruits its students from Pennsylvania, with a small percentage coming from surrounding states. As a result, the adoption of the name ROBERT MORRIS UNIVERSITY by ROBERT MORRIS COLLEGE for its educational programs based in Illinois is not likely to cause confusion among a shared class of consumers.

**COUNT I - DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

27. Robert Morris College incorporates by reference the allegations of paragraphs 1 through 26.

28. Robert Morris College and Defendant have coexisted as institutions of higher education under the name ROBERT MORRIS for over 40 years without confusion.

29. Robert Morris College is adopting the name ROBERT MORRIS UNIVERSITY because of its expansion of its educational, institutional and curriculum offerings and without relation to Defendant's name change.

30. ROBERT MORRIS is the dominant portion of the mark at issue; university and college are generic terms.

31. Robert Morris College and Defendant cater to different demographic populations.

32. Robert Morris College's name change from ROBERT MORRIS COLLEGE to ROBERT MORRIS UNIVERSITY is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Robert Morris College with Defendant or any other person, or as to the origin, sponsorship, or approval of Robert Morris College's services by Defendant or any other person.

33. Accordingly, Robert Morris College is entitled to a declaratory judgment that its adoption of ROBERT MORRIS UNIVERSITY does not violate any rights Defendant may have pursuant to 15 U.S.C. §1125(a) or constitute unfair competition or trademark infringement under the common law or statutes of any state in the United States.

### COUNT II - DECLARATORY JUDGMENT THAT PLAINTIFF HAS NOT MISAPPROPRIATED ANY PROPRIETARY RIGHT OF DEFENDANT

34. Robert Morris College incorporates by reference paragraphs 1 through 26 of this Complaint as though fully and completely set forth herein.

35. Robert Morris College and Defendant have coexisted as institutions of higher education under the name ROBERT MORRIS COLLEGE for over 40 years without creating likelihood of confusion.

36. Robert Morris College is adopting the name ROBERT MORRIS UNIVERSITY because of the expansion of its course and institutional offerings and is without relation to Defendant's name change.

37. ROBERT MORRIS is the dominant portion of the mark at issue; university and college are generic terms.

38. Robert Morris College and Defendant cater to different demographic populations.

39. Accordingly, Robert Morris College is entitled to a declaratory judgment that it has not misappropriated any proprietary right of Defendant or engaged in any act of unfair competition contrary to the common law or laws of any state in the United States through its adoption and use of the mark ROBERT MORRIS UNIVERSITY.

**WHEREFORE,** Robert Morris College prays for the following relief:

(A) That the Court enter a judgment declaring that Robert Morris College's use and adoption of the name ROBERT MORRIS UNIVERSITY for its services do not infringe or violate any rights of Defendant under the federal Lanham Act, or the laws of trademark and unfair competition or any other laws of the United States or any state in the United States;

(B) That the Court enter a judgment declaring that Robert Morris College did not misappropriate any proprietary right of Defendant or commit any other act of unfair competition under the laws of the United States or any state in the United States by adopting the service mark ROBERT MORRIS UNIVERSITY for its services;

(C) That the Court enter judgment enjoining the Defendant, its agents, servants, employees, attorneys and those persons in active concert with any of them, from (1) interfering with, or threatening to interfere with the use of ROBERT MORRIS UNIVERSITY by Robert Morris College or its related companies, successors or assigns in connection with its educational services or any related goods or services, and (2) threatening to institute or instituting any action placing at issue the right of Robert Morris College to use ROBERT MORRIS UNIVERSITY for educational services listed or any related goods or services;

(F)   That the Court grant Robert Morris College such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Robert Morris College respectfully requests a trial by jury.

Dated: July 24, 2008

Respectfully submitted,

Robert Morris College

By:   s/ Michelle C. Burke
One of Its Attorneys

Kenneth J. Jurek, Esq.
Michelle C. Burke, Esq.
Adele R. Frankel
McDermott, Will & Emery
227 West Monroe Street
Chicago, IL 60606-5096
Telephone:  (312) 372-2000
Facsimile:  (312) 984-7700
*Attorneys for Plaintiff, Robert Morris College*

CHI99 5001870-4.035450.0010